IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ROGER D. CHAMBLISS, et al.      )
                                )
     v.                         )     NO. 3:12-0955
                                )
BANK OF AMERICA, N.A.           )


TO: Honorable Kevin H. Sharp, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered October 24, 2013 (Docket Entry No. 39), the Court referred this action to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and proposed findings of fact and recommendations for disposition of any dispositive motions.[1]

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 16) filed by Defendant Bank of America, N.A. Set out below is the Court's recommendation for disposition of the motion.


**I. BACKGROUND**

Plaintiffs Roger and Molly Charnbliss are residents of Mt. Juliet, Tennessee. On August 13, 2012, they filed a Complaint in the Circuit Court for the 15th Judicial District, Wilson County, Tennessee, against Bank of America, N.A. See Docket Entry No. 1-1. The Plaintiffs assert that the

---

[1] The case was originally before the Magistrate Judge for case management until the Plaintiffs' counsel was permitted to withdraw by Order entered July 12, 2013 (Docket Entry No. 24).

Defendant held a promissory note in the amount of $141,000.00, which is secured by a deed of trust to the Plaintiffs' residence in Wilson County. During the summer of 2011, the Plaintiffs state that they applied for refinancing of the loan with the Defendant but that they ultimately did not find the refinancing terms to be acceptable and did not finalize the refinancing. They allege that the Defendant, nonetheless, incorrectly changed its internal records to reflect that the Plaintiffs had accepted a refinancing loan and, instead of applying the Plaintiff's monthly payments in full toward what had been the prior payments due under the promissory note, the Defendant began directing a portion of the Plaintiffs' monthly payments to an escrow account that was not authorized by the Plaintiffs. The Plaintiffs allege that, as a consequence of the Defendant's faulty record keeping and mis-direction of their monthly payments, the Defendant viewed the Plaintiffs as delinquent on their mortgage and 1) "hounded" the Plaintiffs as if they were delinquent on their payments, 2) reported negative credit information to credit bureaus, and 3) threatened to foreclose on the Plaintiffs' residence. The Plaintiffs contend that the Defendant has refused to correct the mistakes despite repeated requests by the Plaintiffs for correction.

The Plaintiffs seek $400,000.00 in damages and set out three claims in their complaint: defamation for providing false information to the credit bureaus (Count I); intentional infliction of emotional distress for outrageous conduct (Count II); and unfair and deceptive trace practices in violation of the Tennessee Consumer Protection Act, T.C.A. §§ 47-18-101 et seq. (Count III). See Docket Entry No. 1-1, at 2-3. The Plaintiffs also seek declaratory relief as to the parties' respective rights, status, and other legal relations associated with the promissory note. Id. at 3. The Plaintiffs demand a trial by jury.

On September 17, 2012, the Defendant, pursuant to 28 U.S.C. § 1441, removed the action to this Court asserting jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. See Docket Entry No. 1. In lieu of an answer, the Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. See Docket Entry No. 5. By Order entered October 30, 2012 (Docket Entry No. 8), the Court denied the motion to dismiss in light of the Plaintiffs' request to amend the complaint to cure the deficiencies in the complaint and to re-allege its defamation claim such that it would not be preempted by the Fair Credit Reporting Act ("FCRA"). The Court gave the Plaintiffs thirty (30) days from entry of the Order within which to file their amended complaint.

The Plaintiffs were subsequently granted two extensions of time and were given a deadline of April 11, 2013, to file their amended complaint. See Orders entered November 8, 2012 (Docket Entry No. 10), and February 12, 2013 (Docket Entry No. 13). However, an amended complaint was not filed and, by Order entered May 6, 2013 (Docket Entry No. 15), the Defendant was granted leave to "reopen" its motion to dismiss.

In the pending motion to dismiss, filed May 24, 2013 (Docket Entry No. 16), the Defendant argues that the Plaintiffs' state law claims for defamation, intentional infliction of emotional distress, and violation of the Tennessee Consumer Protection Act are preempted by the FCRA to the extent that these claims are based upon allegations that the Defendant provided false information to credit reporting agencies. The Defendant also contends that the factual allegations contained in the complaint are insufficient to support any of the three claims alleged by the Plaintiffs. Finally, the Defendant contends that there is no actual controversy between the parties which entitles the Plaintiffs to declaratory relief. See Defendant's Memorandum in Support (Docket Entry No. 17).

By Order entered July 12, 2013 (Docket Entry No. 23), counsel for the Plaintiffs was permitted to withdraw and the Plaintiffs were given 1) a deadline of August 12, 2013 within which to obtain substitute counsel or notify the Court that they intended to proceed pro se, and 2) a deadline of August 15, 2013, to file a response to the pending motion to dismiss. On August 1, 2013, the Plaintiffs filed a pro se response (Docket Entry No. 27) to the motion to dismiss in which they argued that they have proof to support their claims, believe they can obtain additional proof to support their claims, and requested a sixty (60) day extension to allow them to obtain the new information and proceed with any legal action. By Order entered August 6, 2013 (Docket Entry No. 28), the Court granted the Plaintiffs' request for additional time and gave them until October 15, 2013, to supplement their response.

Subsequent to the August 6, 2013, Order, the Plaintiffs filed five motions related primarily to discovery and their attempts to obtain information from the Defendant and from Nationstar Mortgage, which the Plaintiffs state became the servicer of their mortgage in July 2013. See Motion to subpoena documents (Docket Entry No. 31); Motion for extension of time (Docket Entry No. 33); Motion for production of documents (Docket Entry No. 34); Motion for production of documents (Docket Entry No. 35); and Motion to "addendum request for order to produce documents" (Docket Entry No. 38).[2]

The Defendant opposes the request for any further extension of time in this action contending that the Plaintiffs have failed to file an amended complaint despite the passage of over a year since the Court's original directive to them to file an amended complaint and have likewise failed to file an actual response to the pending motion to dismiss. See Docket Entry No. 36. The Defendant also

---

[2] In a contemporaneous Order, the Court has ruled on the Plaintiffs' pending motions.

argues that, to the extent that the Plaintiffs seek an order compelling documents, the Plaintiffs' motions lack merit because the Plaintiffs have not served a formal discovery request on the Defendant through its counsel and because they have not satisfied the procedural requirements for a motion to compel as set out in Rule 37 of the Federal Rules of Civil Procedure. Id.

In reply (Docket Entry No. 37) to the Defendant's opposition to the motions, the Plaintiffs point out that their filing on August 1, 2013 (Docket Entry No. 27), was both a joint response to the motion to dismiss and request for an extension of time. They attach to their reply copies of letters they sent to the Defendant's customer services, Qualified Written Request ("QWR") Services, and the Office of the CEO and President in which they request information about their loan with the Defendant.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiffs' favor, and construe the complaint liberally in favor of the pro se plaintiffs. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiffs must provide the grounds for their entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v.

Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

Given the pleading standards required by Twombly and Iqbal, the Court finds that the Plaintiffs' complaint warrants dismissal because it fails to contain factual allegations that support the claims set out in the complaint and show that the Plaintiffs have viable claims upon which relief can be granted.

The Court directed the Plaintiffs to file an amended complaint nearly 14 months ago but they have not complied with this directive to file an amended complaint. Although the Plaintiffs' current status as pro se litigants does afford them with some measure of leeway, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the "lenient treatment generally accorded to pro se litigants has limits " Pilgrim v. Littlefield 92 F.3d 413, 416 (6th Cir. 1996). Parties, even those proceeding pro se, are expected to comply with the procedures and directives of the Court. See Fields v. County of Lapeera, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000); Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).

Given the Plaintiffs' failure to file an amended complaint, the Court's review of the claims in the context of the Defendant's motion to dismiss encompasses only the claims and supporting allegations as set out in the original complaint filed in state court. The Court will not expand the claims alleged in the complaint beyond what was actually alleged by the Plaintiffs. This Court is simply not required to create claims for the Plaintiffs that are not alleged. See Bell v. Tennessee, 2012 WL 996560, at *9 (E.D. Tenn. March 22, 2012) (quoting Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000).

The Plaintiffs' claim for defamation (Count I) warrants dismissal for failure to state a claim upon which relief can be granted. The claim that the Defendant provided incorrect information to a credit reporting agency clearly pertains to the subject matter regulated under 15 U.S.C. § 1681s-2, i.e., the furnishing of information to a consumer reporting agency. Because such a claim directly concerns "the responsibilities of persons who furnish information to consumer reporting agencies,"

it is preempted by Section 168 lt(b)(1)(F)[3] of the FCRA. See Westbrooks v. Fifth Third Bank, 2005 WL 3240614, *7 (M.D. Tenn. Nov. 30, 2005) (Campbell, J.) (defamation claim against a bank for allegedly publishing false representations about mortgage payments to consumer reporting agencies was preempted by the FCRA). Indeed, the Plaintiffs have conceded that this claim, as pled in the complaint, is preempted by the FCRA. See October 30, 2012 Order (Docket Entry No. 8), and Plaintiff's Response (Docket Entry No. 7), at 1.

The Plaintiffs' claim for intentional infliction of emotional distress (Count II) also warrants dismissal for failure to state a claim upon which relief can be granted. To the extent that this claim is based upon the Defendant's alleged reporting of false information to credit bureaus, this claim is also preempted by the FCRA. In addition, even construing the Plaintiffs' allegations liberally, there are no allegations contained in the complaint that support a claim that the Defendant's alleged actions were outrageous and resulted in serious mental injury to the Plaintiffs as is required for such a claim. See Bain v Wells, 936 S.W.2d 618, 622 n.3 (Tenn. 1997). See also MacDermid v. Discover Fin. Serv., 488 F.3d 721, 729 (6th Cir. 2007).

In the Plaintiffs' claim for violation of the Tennessee Consumer Protection Act (Count III), they allege that the Defendant has knowingly and willfully committed unfair and deceptive trade practices in violation of the TCPA. The complaint does not clearly set out upon what factual

---

[3] Section 1681t(b)(1)F) provides that:
No requirement or prohibition may be imposed under the laws of any State—
(1) with respect to the subject matter regulated under—
...
(b) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies....

15 U.S.C. § 1681t(b)(1)(F).

allegations the Plaintiffs base their TCPA claim that the Defendant committed unfair and deceptive trade practices or what specific actions of the Defendant the Plaintiffs view as falling within the scope of unfair and deceptive trade practices under the TCPA. To the extent that this claim is based upon the Defendant's alleged reporting of false information to credit bureaus, this claim is also preempted by the FCRA.[4]

To the extent that this claim is based upon the Defendant's alleged faulty bookkeeping, the conveyance of erroneous information during and after the Plaintiffs' attempt to obtain a loan refinancing, or other actions that the Defendant took related to the loan refinancing, the claim is not preempted but also warrants dismissal. In a similar case in which Plaintiffs' mortgage payments were misdirected by the Defendant after an attempt to refinance their loan, the Court found that the Plaintiffs failed to state a claim upon which relief can be granted under the TCPA. See Silvestro v. Bank of America, N.A., 3:13-0066, 2103 WL 1149301, *5 (M.D. Tenn. Mar.9, 2013) (Campbell, J). The Court adopts the position taken by the Court in Silvestro and finds that the Plaintiffs have not stated a claim upon which relief can be granted under the TCPA.

The Plaintiffs' requests for declaratory relief (Count IV) also warrants dismissal. As addressed above, the Court finds that the complaint fails to state any viable claims for relief against the Defendant. Therefore, the Plaintiffs have not shown a justiciable controversy exists between the

---

[4] The Defendant also argues that the Plaintiffs fail to state a claim under the TCPA because the TCPA does not apply to foreclosure disputes. See Defendant's Memorandum (Docket Entry No. 17)-, at 10-11. However, although the Plaintiffs state in their complaint that the Defendant "threatened to sell Plaintiffs[sic] home in a foreclosure sale," see Complaint at 10, the Court does not read the complaint to allege that an actual foreclosure proceeding was initiated by the Defendant. In fact, the Plaintiffs conceded that this case does not involve "a foreclosure dispute." See Docket Entry No. 7, at 1. Accordingly, the Court does not view the Plaintiffs' TCPA claim as involving allegations related to a mortgage foreclosure.

parties that supports a request for declaratory relief. See Salisbury v. Federal Home Loan Mortg. Corp., 2012 WL 3727545, *4-5 (E.D. Tex. Aug. 27, 2012). Further, it appears from the Plaintiffs filings that, as of July 1, 2013, the Defendant is no longer the servicer of the Plaintiffs' mortgage. See Docket Entry No. 38.

The Court has reviewed each of the Plaintiffs' August 1, 2013, responses and the other filings and motions that were filed subsequent to the Defendant's motion to dismiss. In none of these filings do the Plaintiffs directly address the deficiencies in their complaint that the Defendant has pointed out or offer a basis upon which the Court can conclude that they have asserted a legal claim upon which relief can be granted. Indeed, the bulk of the content of their filings is directed at their attempts to obtain information and documents from the Defendant and Nationstar Mortgage, the current servicer of their mortgage. However, the Plaintiffs' purported inability to obtain "information" or documents has not prejudiced them in their ability to respond to the motion to dismiss. The Defendant's motion to dismiss tests the sufficiency of the complaint that was filed in this action, not whether there is evidentiary support for the Plaintiffs' claims. Accordingly, any issues relating to discovery have no relevance to the analysis of whether the allegations in the complaint state claims upon which relief can be granted.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss of Defendant Bank of America, N.A. (Docket Entry No. 16) be GRANTED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge