UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROGER D. CHAMBLISS and MOLLY L. CHAMBLISS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:12-0955 |
| | ) | Judge Sharp |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) | |

### ORDER

After Magistrate Judge Griffin entered a Report and Recommendation (Docket No. 42), Plaintiffs, proceeding *pro se*, filed an eighteen-page document titled "Motion to Appeal Order of Dismissal" (Docket No. 46). To the extent that this is intended as an objection to the R & R, it is overruled.

The document begins by stating that "Plaintiff is appealing dismissal of case due to facts stated on attached pages." (Id. at 1). The time for "facts" to be alleged has long since passed. For some fourteen months, Plaintiffs were afforded the opportunity to amend their Complaint but did not, even after they had been granted requested extensions of time within which to do so.

Rule 72 of the Federal Rules of Civil Procedure provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). Plaintiffs cannot claim ignorance of that requirement because Magistrate Judge Griffin concluded her R & R by writing:

ANY OBJECTIONS to this Report and Recommendation must be filed with the

1

> Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

(Docket No. 42 at 11).

Even giving deference to Plaintiff's *pro se* status, their Motion to Appeal does not come close to satisfying the requirements of Rule 72(b). They do not identify any legal errors in the Report or Recommendation, and fail to cite a single case which would support their claims for relief.

Further, Plaintiffs may not amend their Complaint by adding factual allegations as a part of objections to an R&R, or in opposition to a motion to dismiss. See Myard v. Antony, 2010 WL 5313749, at *1 (D. Minn. Dec. 20, 2010) ("Plaintiff cannot amend her Complaint by filing objections to a Report and Recommendation"); Orea Energy Group, LLC v. East Tennessee Consultants, Inc., 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). And, even if they could, the Motion to Appeal does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, nor does it "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Turning to the merits of the Complaint and the allegations that are properly before the Court, Magistrate Judge Griffin was correct in concluding that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' claim for defamation fails because providing allegedly

incorrect information to a credit reporting agency is subject matter regulated under 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act ("FCRA") and thus preempted, a point Plaintiffs apparently concede. See Mengitsu v. Bank of America, N.A., 2012 WL 3890597, at *6 (M.D. Tenn. Sept, 7, 2012) ("libel claim against [bank] based on allegations that [bank] provided incorrect information to a consumer reporting agency clearly pertains to the subject matter regulated under Section 1681s–2" and is preempted by the FCRA); Westbrooks v. Fifth Third Bank, 2005 WL 3240614, *7 (M.D. Tenn. Nov. 30, 2005) (defamation claim against a bank for allegedly publishing false representations about mortgage payments to consumer reporting agencies was preempted by the FCRA).

Plaintiffs' claim for intentional infliction of emotional distress is also preempted insofar as it is based upon the reporting of allegedly false information to credit bureaus. See Chungag v. Wells Fargo Bank N.A., 2011 WL 672229, *7 (E.D. Mich. Feb. 17, 2011) ("to the extent Plaintiffs' claim of intentional infliction of emotional distress is based on Defendant's credit reporting activities, that claim is preempted under § 1681t(b)(1) (F) of the FCRA"). In any event, Plaintiffs do not plead outrageous conduct that resulted in serious mental injury to support such a claim. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997) (to establish a claim for the intentional infliction of emotional distress, defendant's conduct must be so outrageous that it is not tolerated in civil society and must result in serious mental injury to the plaintiff).

Plaintiffs' claim for violation of the Tennessee Consumer Protection Act is also preempted by the FCRA to the extent it is based upon reports to credit bureaus. And to the extent it is based upon Defendant's alleged faulty bookkeeping or action relating to Plaintiffs' attempt to obtain a loan refinancing, it fails to state a claim for the reasons set forth by the undersigned in Brooks v. Wells

3

Fargo Bank, N.A., 2014 WL 345737, at *4-6 (M.D. Tenn. Jan. 30,2014) and Judge Campbell in Silvestro v. Bank of America, N.A., 2103 WL 1149301, *5 (M.D. Tenn. Mar. 9, 2013). Finally, in light of Plaintiffs' failure to plead a substantive claim, their request for declaratory relief based upon those claims necessarily fails.

Accordingly, the Court rules as follows:

(1) Magistrate Judge Griffin's Report and Recommendation (Docket No. 42) is hereby ACCEPTED and APPROVED;

(2) Defendant's Motion to Dismiss (Docket No. 16) is hereby GRANTED; and

(3) Plaintiffs' Complaint is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE